WILLIAM CLAFLIN & others, trustees, *vs.* MARY H. TILTON.

Middlesex. March 24. — 25, 1886. W. ALLEN & HOLMES, JJ., absent.

A testator, by his will, gave to A. and B. the "sum of two thousand dollars each." A. and B. were brother and sister, and were not related to the testator. A. died before the testator. *Held*, that the legacy was one of $2000 to each of the legatees individually, and not one of $4000 to a class; and that the legacy to A. lapsed.

APPEAL from a decree of the Probate Court, upon the petition of the trustees under the will of John Ashton to obtain the

instructions of the court as to the distribution of the estate in their hands under the ninth article of the will. The case was heard by *Gardner*, J., and reserved for the consideration of the full court, upon agreed facts, in substance as follows:

The ninth article of the will, after giving several legacies, provided in the second clause as follows: " To the said John B. Callender and Mary H. Tilton the additional sum of two thousand dollars each."

John B. Callender was not a relation by blood or adoption of the testator, and died before him.

Mary H. Tilton is the sister of John B. Callender, and claims the $2000 which would have vested in said John B. Callender had he survived the testator, as being a bequest to a class of which she is one.

In another part of the will, John B. Callender and Mary H. Tilton are spoken of as " children of my deceased adopted daughter Sarah," but said Sarah was never legally adopted by the testator. She came to live with the testator, and ceased to live with him before the statutes regulating adoption were in force.

The appellees contest the claim of Mary H. Tilton, since, if the $2000 above-mentioned should be paid to her, there would not be sufficient funds remaining in the hands of the trustees to pay them their legacies in full.

The Probate Court made a decree that the legacy to John B. Callender in the second clause of the ninth article of the will had lapsed; and that said legacy was not to be paid to Mary H. Tilton, who claimed the same, but was to be applied to the payment of the other legacies in said ninth article.

*E. B. Callender & J. B. Sullivan*, for the appellant.

*W. H. Orcutt*, for the appellees.

BY THE COURT. The gift in the ninth clause of the will of John Ashton, " to the said John B. Callender and Mary H. Tilton the additional sum of two thousand dollars each," cannot be construed as a gift of $4000 to a class, which, in the case of the death of one before the testator, would go to the survivor. It is clearly a gift of $2000 to each of the legatees named, individually; and, as John B. Callender died before the testator, the legacy to him lapsed. *Workman* v. *Workman*, 2 Allen, 472. *Jackson* v. *Roberts*, 14 Gray, 546.          *Decree affirmed.*