SAMUEL WOOD, administrator, *vs.* ANNA M. SEAVER, executrix.

Worcester.    January 13, 1893. — March 4, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Legacy* — *" And" not construed to mean " or " — " Heirs " as a Word of Limitation.*

A testator, after giving by will pecuniary legacies to various persons added, at the close of the last bequest, "All the aforesaid legacies are to them and their heirs." *Held,* that the word " and " was used in its ordinary sense, and was not to be construed as " or," and that the word " heirs " was used as a word of limitation indicating that the whole interest of the testator in the personal property bequeathed was given absolutely to the legatees alive at his death, but not to the heirs of such as had died before him.

APPEAL by Anna M. Seaver, executrix of the will of Abraham W. Seaver, from a decree of the Probate Court adjudging that, by the death of the appellant's testator in the lifetime of Adaline K. Nelson, under whose will he was a legatee, his legacy lapsed.

The case was heard by *Holmes*, J., who reserved it for the consideration of the full court, on agreed facts, in substance as follows.

Adaline K. Nelson died on March 2, 1889, and by her will, which was duly admitted to probate, gave pecuniary legacies to Abraham W. Seaver and to several others, and added after the residuary bequest, " All the aforesaid legacies are payable at the convenience of my executor hereafter named, but within two years from the probate of this will. All the aforesaid legacies are to them and their heirs."

She appointed Abraham W. Seaver as her executor, but he

died in the lifetime of the testatrix, and Samuel Wood was appointed administrator with the will annexed.

Anna M. Seaver, the appellant, is the daughter of Abraham W. Seaver, and is the residuary legatee and devisee under his will, of which she is executrix, and she is his next of kin and heir at law.

The appellant contended that the words " all the aforesaid legacies are to them and their heirs " meant that the legacies were given to the legatees named in the will if alive at the death of the testatrix, but if not alive at that time, then to their heirs respectively.

Subsequently Samuel Wood, as executor of the estate of Julia A. Nichols and as guardian of the estate of Addie A. Davis, a minor, and Eudolphus T. Rand, as executor of the estate of Eliza A. Rand, the residuary legatees and devisees under the will of Adaline K. Nelson, appeared as parties to this suit, and filed a supplemental statement of agreed facts, substantially similar to the foregoing, and at their request the case was reserved by *Lathrop*, J., for the consideration of the full court.

*C. F. Aldrich*, for the appellee.

*J. D. Ball & B. L. M. Tower*, for the appellant.

FIELD, C. J.   The contention of the appellant is that the words, " All the aforesaid legacies are to them and their heirs," found at the close of item 17 of the will, mean that the legacies are given to the legatees named in the will if alive at the death of the testatrix ; but if not alive at that time, then to their heirs, respectively.   " And " in a will is sometimes read " or," when the context shows that such is the intention of the testator, but there is nothing in the context here which shows that the word has not its customary meaning.   In a legacy of personal property to a legatee named and his heirs, the word " heirs," although technically appropriate to real estate, is taken to be a word of limitation, and to indicate that the whole interest of the testator in the personal property is given absolutely to the legatee.   In the present case, one of the legatees not a child or other relation of the testatrix having died before the testatrix, the legacy lapsed.   Pub. Sts. c. 127, § 23.   *Kimball* v. *Story*, 108 Mass. 382.

*Decree affirmed.*