NATHANIEL B. HORTON & others *vs.* EMMA P. EARLE
& others.

Bristol.    October 22, 1894. — November 30, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Probate Court — Equity Procedure — Lapsed Legacy — Relation.*

Where, upon a petition to the Probate Court for the construction of a will, the pro-
cedure was not according to the rules of pleading and practice in equity causes,
but all persons interested were shown to have appeared and been there heard,
they were afterward heard in this court on appeal, both by a single justice and
the full court.

A testator, by his will, bequeathed the residue of his estate to A. and B., the latter
of whom was the testator's brother in law, " to be equally divided between them,
share and share alike to them and their heirs and assigns." *Held,* that on the
death of B. in the lifetime of the testator the legacy to him lapsed.

A brother in law is not a relation within Pub. Sts. c. 127, § 23.

PETITION to the Probate Court, by the executor of the will
of Sarah B. Horton, the widow of Danforth Horton, for the
construction of the will. The record of the Probate Court,
transmitted to this court on appeal, consisted of the petition, the
citation, the decree, and the notice of appeal. The petition al-
leged that Sarah B. Horton died on June 14, 1890, leaving the
respondents as her heirs at law, and leaving a will, the eleventh
clause of which was as follows: " All the rest and residue of my
property and estate, both real and personal, wherever and what-
ever the same may be, I give, devise, and bequeath to Hiram
Horton and Nathaniel B. Horton, to be equally divided between
them, share and share alike to them and their heirs and assigns ";

and that Hiram Horton was a brother of the deceased husband
of the testatrix, and died on April 30, 1888, intestate, and his
heirs at law, as well as Nathaniel B. Horton, the surviving resid-
uary legatee, who were joined with the executor in the petition,
claimed the property of which the testatrix had by the residuary
clause of her will attempted to dispose.

The prayer of the petition was for the construction of the
above clause, and for instructions as to the proper distribution
of the residue.   The citation " to the heirs at law, next of kin,
and all persons interested under the will of Sarah B. Horton,"
provided for notice by publication in a newspaper, and contained
a sworn return that it had been served as therein required.
The judge of the Probate Court entered a decree, which, after
reciting that due notice had been given according to the order
of the court, and that all parties had appeared and had been
fully heard, adjudged that one half part of the portion of the
estate of the testatrix, which is designated in the eleventh sec-
tion of the will, passes as a bequest unto Nathaniel B. Horton ;
and that the other half part of the estate designated in said
eleventh section passes as intestate estate unto the heirs at law
of Sarah B. Horton, the testator.   From this decree the peti-
tioners appealed.

At the hearing in this court, before *Knowlton*, J., the decree
of the Probate Court was affirmed, and the petitioners appealed
to the full court.

*A. H. Hood*, for Nathaniel B. Horton.

*E. D. Stetson*, for the heirs of Hiram Horton.

*A. J. Jennings*, for the respondents.

FIELD, C. J.   This is a petition to the Probate Court for the
construction of a will, and although the procedure in that court
was not according to the rules of pleading and procedure in
equity causes, it appears that all persons interested appeared
and were heard, and they have been heard in this court on
appeal, both by a single justice and the full court.   See *Green*
v. *Hogan*, 153 Mass. 462.

The particular clause in the will of Sarah B. Horton to be
construed is as follows:  " All the rest and residue of my prop-
erty and estate, both real and personal, wherever and whatever
the same may be, I give, devise, and bequeath to Hiram Horton

and Nathaniel B. Horton, to be equally divided between them, share and share alike to them and their heirs and assigns." Hiram Horton died before the testatrix, and he was the brother of the deceased husband of the testatrix, but not otherwise any relation of the testatrix. He was not, therefore, a relation of the testatrix within the meaning of Pub. Sts. c. 127, § 23. *Kimball* v. *Story*, 108 Mass. 382.

This residuary legacy is not to a class, but to two persons by name, and the effect of it is that one half of the residue is given to one person by name, and one half to the other. *Workman* v. *Workman*, 2 Allen, 472. *Claflin* v. *Tilton*, 141 Mass. 343. The addition of the words "and their heirs and assigns," only shows that the whole property in the residue was given absolutely, or so far as it was real property that it was given in fee, if the testatrix owned a fee. Hiram Horton having died before the testatrix, the legacy to him lapsed. *Kimball* v. *Story*, 108 Mass. 382. *Wood* v. *Seaver*, 158 Mass. 411. *Bryson* v. *Holbrook*, 159 Mass. 280. 　　　　　　　　*Decree affirmed.*