(82 Misc. Rep. 234.)

### In re FASSIG'S ESTATE.

(Surrogate's Court, New York County.   September 29, 1913.)

1. WILLS (§ 775*)—CONSTRUCTION—LAPSE BY DEATH OF LEGATEE—RESIDUARY PROVISIONS.

Where testatrix, leaving only personal property, gave certain amounts to her surviving children and to her grandchildren as representatives of their deceased parents, to her son P. and another son certain deposits in a savings bank, and to P. the furniture of a house, and gave the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

residue to P. and another son and to a daughter "an equal one-third share each," and P. and the daughter predeceased her leaving no issue, the gifts to P. and to the daughter lapsed and fell into the residue.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1997-2000; Dec. Dig. § 775.*]

2. WILLS (§ 523*) — CONSTRUCTION — DESIGNATION OF LEGATEES — "GIFT TO CLASS."

Residuary bequests to two sons and a daughter "one-third to each," were not bequests to an aggregate class so that the survivor of the class took all, but went to each of the three children named in the residuary clause individually so that the surviving residuary legatee did not take the lapsed legacies of the deceased legatees, which passed according to the statute of distributions; a "gift to a class" being an aggregate gift to a body of persons living but uncertain in number, and not including a bequest made when the number of donees was certain and the share of each is certain and in no way dependent for its amount on the number who shall survive.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1115; Dec. Dig. § 523.*]

Will of Maria Fassig construed, and decree to be settled accordingly.

Frank M. Patterson, of New York City, for petitioner.
Edmund J. Tinsdale, of New York City, special guardian.
W. Gibbes Whaley, of New York City, for Frederick Fassig.
Jeremiah A. O'Leary, of New York City, for Benjamin Gratz.
Charles H. Broas, of New York City, for Theodore Fassig.
Bergman & Davis, of New York City (Henry K. Davis, of New York City, of counsel), for contestant.

FOWLER, S. The will of Maria Fassig being adjudged entitled to probate is now regularly presented to the surrogate for construction, pursuant to the Code of Civil Procedure. Mrs. Fassig, the testatrix, left surviving her her son Frederick Fassig, her son Theodore Fassig, George Fassig, a grandson of testatrix and the only son of her deceased son John Fassig, and six grandchildren who were the children of her deceased daughter Elizabeth, and also five grandchildren who were the children of her deceased son William Fassig. The will of testatrix so far as pertinent is as follows:

"First. I direct my executor hereinafter named to first pay, as soon as possible after my death, all my just debts and liabilities, including funeral and testamentary expenses.

"Second. I give and bequeath unto my grandchildren, John Gratz, Fred Gratz, Peter Gratz, Harry Gratz, Benjamin Gratz, George Gratz, children of my deceased daughter, Elizabeth Fassig Gratz, the sum of $100 each; to my grandchildren, John Fassig, William Fassig, Thomas Fassig, Marie Fassig and Kathrine Fassig, children of my son, William Fassig, deceased, the sum of $100 each, and to my grandchild, George Fassig, the son of George Fassig, deceased, the sum of $100.

"Third. I give and bequeath unto my son, Theodore Fassig, the sum of $1,000, and to my son, Peter Fassig, the sum of $500 now on deposit in the Bowery Savings Bank, together with the accrued interest from the date on deposit.

"Fourth. I give and bequeath unto my daughter, Emma Fassig, all the clothes, jewelry and all linen belonging to me at the time of my death, and to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

my son, Peter Fassig, all furniture and other housefurnishings, belonging to me at the time of my death.

"Fifth. Of all the rest, residue and remainder of my estate, both real and personal of every kind, character and description whatsoever and wheresoever situated, I give, devise and bequeath to my sons, Fred Fassig and Peter Fassig, and to my daughter, Emma Fassig, an equal one-third share each. The estate passing under this will is personal property only."

The daughter Emma Fassig, mentioned in the fourth and fifth clauses of the foregoing will, predeceased testatrix, as did the son Peter Fassig, mentioned in the third, fourth, and fifth clauses. Peter and Emma so died single and without issue.

[1, 2] The question is: What becomes of the legacies to Peter and Emma? On behalf of the surviving son, "Fred," or Frederick Fassig by name, it is urged that the residuary gift swallows up the lapsed legacies, as it is to a "class," and that he as the sole survivor of the class takes all, including the shares of his coresiduary legatees who predeceased their mother, the testatrix. On the other hand, it is claimed in behalf of the son Theodore Fassig and the infant grandchildren of testatrix, representing her deceased children, that the residuary legacies to Peter and Emma given in the fifth clause of the will lapsed, as they were not gifts to a class, but to individuals. As they are not otherwise disposed of, it is claimed that they pass as provided for by the statute of distributions; the testatrix having died intestate as to such portions of her estate. Which of these respective contentions is the right one?

A "gift to a class" is an aggregate gift to a body of persons living, but uncertain in number. A bequest is not a gift to a class where at the time of making it the number of the donees is certain and the share each is to receive is also certain and in no way dependent for its amount upon the number who shall survive. Matter of Kimberly, 150 N. Y. 90, 44 N. E. 945. An examination of the language of the residuary gift in the will now before me shows that the gift is not an aggregate to a class so that the survivor takes all, but one to each of the three children of testatrix named in the fifth clause of the will, individually and distributively. Each was to take a one-third and no more. It was not a gift of an aggregate to those who should survive till a certain time. The gifts to Peter in the third and fourth clauses of the will certainly lapsed, as did the gift in the fifth clause of the will to Emma. These gifts fall into the residuary, of which Frederick is entitled to take one-third and no more. The two-thirds of the residuary given to Emma and Peter have lapsed, and not being disposed of by the will they are to be under the law governing distribution of intestates' estates. I have no doubt on this will and shall not take more time to consider it.

The result of the conclusion reached will work out thus: One-fifth of the residuary will go to "Fred" or Frederick Fassig; one-fifth to Theodore Fassig; one-fifth to the son of John Fassig, deceased; one-fifth to the children of Elizabeth (Fassig) Gratz, deceased; one-fifth to the children of William Fassig, deceased. Settle decree accordingly.