A. FRANK MOWRY vs. ELLENOR TAFT et al.

JUNE 18, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1)  Wills.  Vested Interests.  Gifts to a Class.

Under a will bequeathing the income and profit of a fund for life and "upon the decease of the said X, I give and bequeath the same" to the six children of X, (naming them) "equally to them their heirs and assigns forever, share and share alike."

Held, that the intent of testator was to give X the income of the fund for life and the fund itself to the children upon her decease.

Held, further, that the children received a vested interest.

Held, further, that the gift to the children was not a gift to a class, but to the individuals distributively.

(2)  Trusts.  Equitable Conversion.

Under a will which bequeathed the income of a fund for life with remainder over, but which made no provision for a trustee, the executor invested the fund and upon his decease a trustee was appointed who invested a portion of the fund in a mortgage upon real estate.

Held, that the character of the portion of the fund so invested was not changed as it amounted to an equitable conversion of the personalty into realty.

(3)  Descent and Distribution.

Where testator bequeathed to X the income of a fund for life, and after her death, provided that it should be divided equally among her six children, a surviving husband of a deceased child is not entitled to share with the surviving children in that part of the estate which came to them by inheritance from other children dying intestate and unmarried.

BILL FOR CONSTRUCTION of will certified under Gen. Laws, Cap. 289, § 35.

JOHNSON, C. J.    This is a bill in equity, for the construction of the will of Cyrus Logee, of Burrillville, in the county of Providence and State of Rhode Island, brought by A. Frank Mowry, of the city of Providence, in said county of Providence, against Ellenor Taft, of the town of Northbridge, in the State of Massachusetts, Duty E. Caswell, of the town of Douglas, in the State of Massachusetts, Flora B. Robbins, a person of unsound mind, of the city of Worcester, in the State of Massachusetts, and James Daniels, guardian of said Flora B. Robbins, of the town of Millbury, in the State of Massachusetts, Vernon L. Robbins, of the town of East Thompson, in the State of Connecticut, William Olney, of the town of

Burrillville, in the State of Rhode Island, Eugene N. Granger, and wife, Ethel Granger, of the town of Burrillville, in said State of Rhode Island.

Said bill has been amended and as amended shows:

That Cyrus Logee, late of the town of Burrillville, in said county of Providence and State of Rhode Island, died on the 24th day of November, 1887, leaving a last will and testament bearing date November 19, 1887, and which will was duly probated in the probate court of said Burrillville, on the 10th day of December, 1887, a copy whereof is annexed to said bill.

That David Mathewson, of said Burrillville, was named as executor in said will; that he duly qualified and performed the duties as such executor.

That said will made no provision for the appointment of a trustee under said first clause other than the appointment of said David Mathewson as executor of said will; that said David Mathewson deposited the sum of four thousand dollars as a trust fund under said first clause of said will, in the participation account of the Industrial Trust Company, of the city of Providence, as executor, and paid out the income and profit of the said sum of four thousand dollars from time to time, to said Elizabeth R. Caswell, until the death of said David Mathewson, which occurred May 14, 1896.

That Oliver A. Inman, of said Burrillville, was by decree of the appellate division of the Supreme Court of the State of Rhode Island, entered on the tenth day of April, 1897, appointed trustee under the terms of the first clause of said will, to succeed said David Mathewson, deceased; that said Oliver A. Inman duly qualified as such trustee, and drew two thousand dollars out of said participation account in said Industrial Trust Company, and invested the same in a mortgage in his own name, but not as trustee, on real estate situated in said town of Burrillville, and belonging to one James Donnelly, of said Burrillville, which said mortgage is annexed and marked "Exhibit B;" that said Oliver A. Inman paid out the income and profit arising from the said

mortgage instrument, and the income and profit of the sum of two thousand dollars remaining in said Industrial Trust Company from time to time, to said Elizabeth R. Caswell, until his death which occurred on the second day of March, 1904.

That the complainant, said A. Frank Mowry, was by decree of said appellate division of the Supreme Court, entered on the twenty-fifth day of October, 1904, appointed trustee under the terms of said first clause of said will, to succeed said Oliver A. Inman, deceased; that the complainant duly qualified as such trustee and has continued to act in that capacity ever since.

That William A. Inman, of said Burrillville, executor of the last will of said Oliver A. Inman, deceased, duly transferred said mortgage taken in the name of said Oliver A. Inman, deceased, with the note thereby secured, to the complainant in his capacity as said trustee, which said transfer of said mortgage is annexed and marked "Exhibit C."

That the terms and conditions of said mortgage being broken, the complainant in order to prevent great loss in said mortgage investment, which to him appeared certain at the time if he instituted foreclosure proceedings, and in order to enhance the value of the estate of which he was trustee, took a conveyance of the said mortgaged premises to himself as trustee of the estate of said Cyrus Logee, deceased, from Mary E. Kelton, widow, of said Providence, sole devisee of said James Donnelly, late of said Burrillville, deceased, a copy of which deed of conveyance is annexed, and marked "Exhibit D."

That said trust estate now consists of said real estate conveyed by the aforesaid deed and the sum of $1,818.07, now in said participation account in said Industrial Trust Company, in said Providence, the sum of $181.93 having been paid out of said sum by order of court for legal expenses, and that the complainant, as said trustee, has paid out the income and profit of the fund in said Industrial Trust Company, and of said mortgage investment, and the income and profit of said real estate from time to time to said Elizabeth

R. Caswell, the holder of said life estate in said trust, until her death, which occurred at Northbridge, in the State of Massachusetts, on April 15, 1913.

That of the persons mentioned in the said first clause of said will as taking an interest in said trust estate, upon the death of said Elizabeth R. Caswell, the following are now living and have been made parties respondent to this bill, namely, Ellenor Taft, Flora B. Caswell, now Flora B. Robbins, and Duty E. Caswell; that said Elizabeth H. Caswell, died intestate and unmarried on the          day of 1888, leaving as her only heir at law, her father, John W. Caswell; that said Addie E. Caswell married one Vernon L. Robbins, and died on the 22nd day of February, 1892, intestate and without issue, and that her husband, Vernon L. Robbins, who has been made a respondent in this bill, and the said Ellenor Taft, Flora B. Robbins and Duty E. Caswell, are the heirs at law of the said Addie E. Caswell Robbins; that the said John W. Caswell died May 12, 1899, intestate, leaving a widow, Elizabeth R. Caswell, and as his only heirs at law, said Ellenor Taft, Flora B. Robbins, Duty E. Caswell and Myrtis M. Caswell; that the said Myrtis M. Caswell died May 12, 1905, intestate and unmarried, and leaving as her only heirs at law, Elizabeth R. Caswell, her mother, and the said Ellenor Taft, Flora B. Robbins and Duty E. Caswell, and that the said Elizabeth R. Caswell died (as aforesaid) April 15, 1913, leaving as her only heirs at law said Ellenor Taft, Flora B. Robbins and Duty E. Caswell.

The bill further sets out the devise and bequest by the testator by the fifth clause of said will of the residue of his estate to his sister, Lucretia E. Olney, of said Burrillville, and her heirs and assigns forever; the death of said Lucretia E. Olney on June 3, 1903, leaving a will in which her daughter, Ethel Olney, now Ethel Granger, wife of Eugene N. Granger, of said Burrillville, was made the sole beneficiary, subject to the payment of the sum of one hundred dollars to William Olney, husband of said Lucretia E. Olney, deceased, and that said Ethel Granger, Eugene N. Granger, and William Olney

are now living and have been made parties respondent to the bill.

The bill then states the claims made by the several respondents, and says: "That various questions have thus arisen relative to the construction, validity and legal effect of certain of the bequests, devises, and provisions contained in said will of Cyrus Logee, deceased," and the bill propounds certain questions which will be quoted later.

Service appears to have been made upon all the respondents named in the bill. Answers have been filed by Ellenor Taft, Duty E. Caswell, Vernon L. Robbins, and by James Daniels, guardian, and Percy Butterfield, guardian *ad litem* of Flora B. Robbins, alleged in the bill to be a person of unsound mind. William Olney, Eugene N. Granger and Ethel Granger have not answered, and the bill has been by decree taken as confessed against them.

The first question asked by the bill is: "*a.* Whether the bequest made to Ellenor Taft, Elizabeth H. Caswell, Flora B. Caswell, Duty E. Caswell, Addie E. Caswell, and Myrtis M. Caswell, by Cyrus Logee, in the first clause of said will, to take effect upon the death of Elizabeth R. Caswell, conveyed the income and profit of said four thousand dollars, for and during their respective lives, or an absolute estate in fee simple in said sum of four thousand dollars?"

The first clause of said will reads: "First. I give and bequeath unto my sister Elizabeth R. Caswell, wife of John Caswell, the income and profit of four thousand dollars for and during her natural life, and upon the decease of the said Elizabeth R. Caswell, I give and bequeath the same to Ellenor Taft, Elizabeth H. Caswell, Flora B. Caswell, Duty E. Caswell, Addie E. Caswell and Myrtis M. Caswell, children of Elizabeth R. Caswell, equally to them, their heirs and assigns forever, share and share alike."

The language of this clause clearly indicates the intention of the testator to give to his sister the income and profit of the fund for life, and to her children named therein, the fund itself upon her decease "equally to them, their heirs

and assigns forever, share and share alike." We cannot draw from the mere use of the word "same" the inference that he intended to create another life interest, and allow the corpus of the fund to fall into the residue, in view of his use of the very words proper for the designation of a gift in fee "to them, their heirs and assigns forever." In the gift to his sister he used the words proper to indicate a gift for life, and it is natural to suppose that if he had intended the gift to the children to be simply the income and profit for life, he would have used the words proper to indicate such an intention.

The second question asked by the bill is: "*b.* If the bequest to said Ellenor Taft, Elizabeth H. Caswell, Flora B. Caswell, Duty E. Caswell, Addie E. Caswell and Myrtis M. Caswell, under said first clause of said will is that of a life interest in said fund, then do said Ellenor Taft, Flora B. Robbins and Duty E. Caswell, take the income and profit of the whole of said trust estate, share and share alike, and to whom would the corpus of said trust estate pass upon the termination of the respective life estates of said Ellenor Taft, Flora B. Robbins and Duty E. Caswell?"

Our conclusion upon the first request renders the consideration of this question unnecessary.

The third and fourth questions asked by the bill are:

"*c.* If the bequest to said Ellenor Taft, Elizabeth H. Caswell, Flora B. Caswell, Duty E. Caswell, Addie E. Caswell, and Myrtis M. Caswell, under said first clause was an absolute estate in fee simple, subject to the life estate in said Elizabeth R. Caswell, do said Ellenor Taft, Flora B. Robbins and Duty E. Caswell, take the whole of said trust estate, or has said Vernon L. Robbins an interest therein?

"*d.* Whether or not the whole of said estate shall be treated as personalty under the first clause of said will?"

These last two questions will be considered together. Under said first clause of said will said children of Elizabeth R. Caswell received a vested interest. "A bequest after the death of a particular person, where an antecedent interest is given in the same will, is generally held not to denote a con-

dition that the legatee shall survive such person, nor to define when the legacy shall vest, but only to mark the time when the gift shall take effect in possession, that possession being deferred merely on account of the life interest limited to the person on whose death the gift is to take effect." *Chafee* v. *Maker*, 17 R. I. 739.

See, also, *Staples* v. *D'Wolf*, 8 R. I. 74; *Rogers* v. *Rogers*, 11 R. I. 38; *Pond* v. *Allen*, 15 R. I. 171; *Kenyon, Pet'r.*, 17 R. I. 149; *Ross* v. *Nettleton*, 24 R. I. 124; *Sherman* v. *Baker*, 20 R. I. 446, and cases quoted in the recent case of *Hazard* v. *Stephens*, 36 R. I. 96.

It is also apparent that the gift to the children of Elizabeth R. Caswell was not a gift to a class, but to the individuals distributively. There is no uncertainty as to the number of persons who are to take, or as to the amount of their shares. "Where, at the time, of making the gift, the number of beneficiaries is certain and the share each is to receive is also certain, and in no way dependent for its amount upon the number who shall survive, it is not a gift to a class, but to the individuals distributively, and this is generally held to be the case where the beneficiaries are named and their shares are certain." Cyc., Vol. 40, pp. 1473, 1475; *Hazard* v. *Stephens*, 36 R. I. 96. The interest of Addie E. Caswell was therefore a vested interest, not subject to survivorship.

(2) The will makes no provision for a trustee. The executor, however, properly invested the sum of four thousand dollars, bequeathed by the first clause of said will, from which during the lifetime of the executor the income and profits were paid to the life tenant, and upon the decease of the executor the appellate division of the Supreme Court appointed a trustee. The trustee invested one-half of this fund in a mortgage. This, however, did not change its character. Whether at common law the trustee is to be considered as having the title to the mortgaged property, or whether he is to be regarded as holding merely an equitable interest, is, we think, immaterial. As stated in the bill, the trustee holds the estate in fee simple by release from the mortgagor, but in any event

it is simply an equitable conversion of the personalty into realty. "An interest in real estate bought by an administrator to save a debt due the estate is to be treated as personalty, and not as realty in making distribution of the estate." 9 Cyc., p. 830. "The rule is established that where land is converted into personalty by will, deed or other instrument, the share of a feme covert in the proceeds belongs to her husband as other personalty." 9 Cyc., p. 852, and cases cited.

We do not understand that there is any distinction in the equitable rule between the coverting of real estate into personalty and personalty into realty.

As said trust estate is to be treated as personalty, and Addie E. Caswell Robbins had a vested interest therein at the time of her decease, to which her husband, Vernon L. Robbins, is now entitled, it is clear that he takes a one-sixth interest in said trust fund. He is not entitled to share in the interests vested in Elizabeth H. Caswell and Myrtis M. Caswell, deceased. The interest of Elizabeth H. Caswell passed to her father, John W. Caswell, as her only heir at law and he having survived his daughter, Addie E. Caswell, who died without issue, his interest passed to his wife, Elizabeth R. Caswell, as a distributee and his children then living, namely, Ellenor Taft, Flora B. Robbins, Duty E. Caswell and Myrtis M. Caswell, as his heirs at law. The interest of Myrtis M. Caswell passed to her mother, Elizabeth R. Caswell, and to her brother and sisters then living, namely, Elizabeth H. Caswell, Ellenor Taft, Flora B. Robbins and Duty E. Caswell and the interest of Elizabeth R. Caswell in the corpus of said fund passed upon her death to her three surviving children, Ellenor Taft, Flora B. Robbins and Duty E. Caswell.

Chapter 316, Section 9, General Laws, 1909, provides: "The surplus of any chattels or personal estate of a deceased person, not bequeathed, after the payment of his just debts, funeral charges, and expenses of settling his estate, shall be distributed by order of the probate court which shall have granted administration in manner following:

"First. One-half part thereof to the widow of the deceased forever, if the intestate die without issue.

"SECOND. One-third part thereof to the widow of the deceased forever, if the intestate die leaving issue.

"THIRD. The residue shall be distributed among the heirs of the intestate in the same manner real estates descend and pass by this chapter, but without having any respect to the blood of the person from whom such personal estate came or descended."

Section 1 of Chapter 316 of the General Laws, in force at the deaths of the several Caswell children and of their father, John W. Caswell, provides that "Whenever any person having title to any real estate of inheritance shall die intestate as to such estate, it shall descend and pass, excepting as provided in section six, in equal portions to his kindred, in the following course:

"FIRST. To his children or their descendants, if any there be.

"SECOND. If there be no children nor their descendants, then to the father of such intestate.

"THIRD. If there be no father, then to the mother, brothers, and sisters of such intestate, and their descendants, or such of them as there be."

Had Addie E. Caswell Robbins died possessed of real estate it would have passed to her father and only the entire absence of paternal and maternal kindred would permit her husband to receive or inherit the same.

Vernon L. Robbins therefore under the same canons of descent, a distributee of his deceased wife's personal estate, is not entitled to share with said Ellenor Taft, Flora B. Robbins and Duty E. Caswell in that portion of the trust estate which came to them by inheritance directly from their sisters, Elizabeth H. Caswell and Myrtis M. Caswell, or through their parents, John W. Caswell and Elizabeth R. Caswell.

Vernon L. Robbins is not of the "kindred" or next of kin of his deceased wife and so cannot take in this respect under the statute. He is entitled to her intestate personalty by reason of Section 10, Chap. 312, Gen. Laws, 1909.

We therefore answer the questions propounded by the bill as follows:

"a." The bequest to Ellenor Taft, Elizabeth H. Caswell, Flora B. Caswell, Duty E. Caswell, Addie E. Caswell and Myrtis M. Caswell, in the first clause of said will, was, subject to the life estate of Elizabeth R. Caswell, a gift of an absolute estate in fee simple in said fund of four thousand dollars.

"b." The answer to the first request renders an answer to the second request unnecessary.

"c" and "d." Ellenor Taft, Flora B. Robbins and Duty E. Caswell do not take the whole of said trust estate under the first clause of said will, but take collectively five-sixths thereof, each taking five-eighteenths, and said Vernon L. Robbins, husband of Addie E. Robbins, deceased, takes one-sixth thereof.

A decree in accordance with this opinion may be presented, on Monday, June 29, 1914, at 10 a. m., in order that the same may be approved by this court and ordered to be entered in the Superior Court.