WILL OF WATERBURY: STONE, Executor, Appellant, vs. STONE, Respondent.

*May 3—June 13, 1916.*

*Wills: Construction: Intention: Division of residue: Appeal: Bill of exceptions, when unnecessary.*

1. Rules of construction are not to be applied to ascertain the meaning of a will if it can be ascertained from the will itself and the surrounding circumstances.

2. Where, after bequeathing certain specific sums, a testatrix directed that the residue of her estate be divided into five equal parts and bequeathed one of those parts to each of five legatees or groups of legatees, it is *held* that, irrespective of whether or not such residuary legatees constitute a class, it was the intention to confine the distribution of the residue to them; and therefore, where one of such residuary legatees predeceased the testatrix, the share of such deceased legatee is not to be disposed of as intestate property, but the entire residue is to be divided among the survivors. KERWIN and VINJE, JJ., dissent.

3. Upon appeal from a judgment construing a will, where the only disputed question is fairly presented by the findings of the court below, no bill of exceptions is necessary.

APPEAL from a judgment of the circuit court for Sauk county: JAMES O'NEILL, Judge. *Reversed.*

Construction of will. On November 16, 1912, Fidelia M. Waterbury executed a will, which, omitting the signature, attestation clause, and clause appointing the executor, is as follows:

"Know all men by these presents that I, Fidelia M. Waterbury of the village of Prairie du Sac in the county of Sauk and state of Wisconsin, being of sound mind and memory and mindful of the uncertainty of human life, do make and publish and declare this my last will and testament in manner following, to wit:

"First. I give, devise and bequeath to my sister Martha M. Ried the sum of four thousand dollars ($4,000).

"Second. I give, devise and bequeath to my brother *Luman W. Slone* the sum of five hundred dollars ($500).

"Third. I give, devise and bequeath to my niece Emma A. Wakely the sum of three thousand dollars ($3,000).

"Fourth. I give, devise and bequeath to Nellie M. Wakely (daughter of my said niece Emma A. Wakely) the sum of two thousand dollars ($2,000).

"Fifth. I give, devise and bequeath to Eben Stone Wakely (son of my said niece Emma A. Wakely) the sum of two thousand dollars ($2,000).

"Sixth. I give, devise and bequeath to Hugh Davis Crawford, son of Charles Crawford and wife Bell, the sum of one thousand dollars ($1,000).

"Seventh. I give, devise and bequeath to the First Presbyterian Church of Prairie du Sac, Wisconsin, the sum of five hundred dollars ($500).

"Eighth. I give, devise and bequeath to the Sauk Prairie du Sac Cemetery Association the sum of five hundred dollars ($500), the same to be invested and the net income therefrom shall annually be used and expended, first on the proper care of the James I. Waterbury lot in said cemetery and the surplus if any shall be expended in care of the cemetery generally.

"Ninth. I hereby direct that all the rest, residue and remainder of my estate, real, personal or mixed, shall be divided into five equal shares or parts, and I give, devise and bequeath one of such shares or one fifth of all the rest, residue and remainder of my estate to my sister, Martha M. Ried, and one share or one fifth of the rest, residue and remainder of my said estate I give, devise and bequeath to the children of my deceased brother John C. Stone, and one share or one fifth of said residue I give, devise and bequeath to the children of my deceased brother Ransom E. Stone, and one share or one fifth of said remainder I give, devise and bequeath to the children of my deceased brother, Orvil Stone, and the other share or one fifth of the rest, residue or remainder of my said estate I give, devise and bequeath to my said niece Emma A. Wakely, daughter of my deceased brother, Ryland Stone."

The sister Martha predeceased the testatrix, leaving no issue, and the single question presented upon this appeal is whether by the death of Mrs. Ried, the testatrix's sister and

one of the several residuary legatees, before the death of the testatrix, the share of the residue which would otherwise have been allotted to her augmented the shares of the several other residuary legatees, or whether such share remained undisposed of by the will and was subject to be assigned as intestate property. The county court held that that part of the residue which would have been allotted to her should be divided among the remaining residuary legatees and entered judgment accordingly. The matter was appealed to the circuit court, and upon a hearing in said court the judgment of the county court was reversed and judgment entered directing the county court to assign the part which would have gone to Mrs. Ried to the heirs at law of the testatrix, Fidelia M. Waterbury. From the judgment of the circuit court the executor appeals.

For the appellant there were briefs by *William T. Kelsey* and *Olin, Butler, Stebbins & Stroud,* and oral argument by *Byron H. Stebbins.*

For the respondent there was a brief by *Grotophorst, Evans & Thomas,* and the cause was argued orally by *Evan A. Evans.*

ROSENBERRY, J.    The county court and the circuit court both held that the legacy of $4,000 provided for in clause 1 of the will lapsed by reason of the death of Martha M. Ried and became a part of the residuum of the estate of the testatrix.

It does not appear how long before the death of the testatrix Martha M. Ried died.   Appellant contends that the intent of the testatrix is clear; that all arbitrary rules of law devised merely as aids to the ascertainment of testamentary intent are not to be applied in cases where the intent of the testatrix can be ascertained from the instrument itself, and cites *Ohse v. Miller,* 137 Wis. 474, 119 N. W. 93; *Will of Ehlers,* 155 Wis. 46, 143 N. W. 1050; *Donges's Estate,* 103 Wis. 497, 79

N. W. 786; *Will of Boeck,* 160 Wis. 577, 152 N. W. 155; *Will of Reynolds,* 151 Wis. 375, 138 N. W. 1019.

Respondent contends that the gift to the five branches of the family named in clause 9 was not a gift to a class, but was a gift to them as individuals; that therefore the provision as to Martha M. Ried lapsed and her share passed to the heirs of Mrs. Waterbury as intestate property, one of whom was *Luman W. Stone,* respondent, named as legatee in the second clause, and cites 40 Cyc. 1473, 1474; *Fassig's Estate,* 82 Misc. 234, 143 N. Y. Supp. 494; *Matter of Kimberly,* 150 N. Y. 90, 44 N. E. 945; *Lyman v. Coolidge,* 176 Mass. 7, 56 N. E. 831; *Dresel v. King,* 198 Mass. 546, 85 N. E. 77; *Matter of Wells,* 113 N. Y. 396, 21 N. E. 137; *Workman v. Workman,* 2 Allen (84 Mass.) 472; *Claflin v. Tilton,* 141 Mass. 343, 5 N. E. 649; *Frost v. Courtis,* 167 Mass. 251, 45 N. E. 687; *Kimball v. Story,* 108 Mass. 382; *Horton v. Earle,* 162 Mass. 448, 38 N. E. 1135; *Wood v. Seaver,* 158 Mass. 411, 33 N. E. 587; *Sharpless's Estate,* 214 Pa. St. 335, 63 Atl. 884; *Parsons v. Millar,* 189 Ill. 107, 59 N. E. 606; *Mowry v. Taft,* 36 R. I. 427, 90 Atl. 815; *Murphy's Estate,* 157 Cal. 63, 106 Pac. 230; Page, Wills, § 474.

The claim of the respondent is based largely if not entirely upon the peculiar language of the ninth clause, whereby the residue is divided into five equal shares and one of these shares is assigned to each of the five legatees or groups of legatees therein named. Applying to this language the rule as stated in 40 Cyc. 1474, "where at the time of making a gift the number of beneficiaries is certain, and the share each is to receive is also certain and in no way dependent for its amount upon the number who shall survive, it is not a gift to a class, but to the individuals distributively, and this is generally held to be the case where the beneficiaries are named and their shares are certain," the respondent arrives at the conclusion that the gift of a fifth to Martha M. Ried was a gift to her individually, and, she having died before the testa-

trix, the provision for her lapsed and the share which would have gone to her should therefore be distributed as intestate property.

Rules of construction are not to be applied in ascertaining the true meaning of a will if that meaning can be ascertained clearly from the will itself and the surrounding circumstances. *Donges's Estate*, 103 Wis. 497, 79 N. W. 786.   As was said by this court in *Will of Ehlers*, 155 Wis. 46, 47, 48, 143 N. W. 1050:

"Much difficulty is liable to occur in initial trials involving the construction of wills by taking some particular adjudications respecting some other wills as controlling, instead of looking to legal principles for guidance, or from following some well known rule for judicial construction as if it were applicable universally, instead of appreciating that, in general, such rules are to be used in choosing between reasonable meanings of substantial equal dignity and keeping prominently in mind that paramount to all others is the rule that the intention of the testator should prevail so far as it can be read out of the language used to express it."

Reading the will in this case in the light of all the surrounding circumstances, did the testatrix intend that in the event of the death of any legatee named in the residuary clause prior to the death of the testatrix the share of such deceased legatee should be disposed of as intestate property; or did she intend that all of the residue of her property should be divided among those named in the ninth clause, and in the event of the death of any of the residuary legatees named that the residue should be divided among those surviving?

A careful reading and study of the will convinces us that the latter was the intention of the testatrix.   It was her intention to limit the amount to be received by those named in the first, second, third, fourth, fifth, and sixth clauses and not named in the ninth clause to the amounts specifically bequeathed to them, and it was not her expectation or intention that the amounts specifically bequeathed should be augmented.   The fact that by the ninth clause the residuary es-

tate is divided into five equal parts, one of those parts assigned
to each of the legatees or groups of persons therein named, is
not inconsistent with the intention of the testatrix to confine
the distribution of the residue of her estate to the persons or
groups of persons named in such clause, and that is true ir-
respective of whether or not they constitute a class.   *Will of
Reynolds,* 151 Wis. 375, 138 N. W. 1019; *Ives's Estate,* 182
Mich. 699, 148 N. W. 727.

No bill of exceptions was settled. None was required.
The question raised is fairly presented by the findings.   In
our opinion they do not support the judgment.

*By the Court.*—Judgment reversed, and cause remanded
with directions to enter judgment in accordance with this
opinion.


KERWIN, J. (*dissenting*). I cannot agree with the ma-
jority of the court in this case. The residuary clause of the
will is clear and specific. It divides the residue of the estate
into five equal parts or shares and one of such shares is de-
vised and bequeathed to Martha M. Ried.

The residuary clause does not give the residue to the lega-
tees as a class or as joint tenants. The terms of the residuary
clause are clear and unmistakable that one fifth was given ab-
solutely to Martha M. Ried, and, she having predeceased the
testatrix, the bequest to her lapsed and became intestate prop-
erty.

Of course, if there were anything in the will which showed
a different intention on the part of the testatrix the cases cited
by appellant would be in point. I find nothing in the will
which would justify the construction placed upon it in the
majority opinion. There is nothing in the will and sur-
rounding circumstances from which an intent can be inferred
that the residuary bequest was to a class. There is nothing
in the will and surrounding circumstances from which an in-
tent can be inferred that upon the death of Martha M. Ried
before the testatrix the bequest to Martha M. Ried should go

to the other residuary legatees.    An intent cannot be inferred against the plain, unambiguous terms of a will.

In addition to the cases relied upon by counsel for respondent, cited in their brief and referred to in the majority opinion, I cite the following: *Will of Allis, ante,* p. 452, 157 N. W. 548; *Ward v. Dodd,* 41 N. J. Eq. 414, 5 Atl. 650; *Hand v. Marcy,* 28 N. J. Eq. 59; *Manier v. Phelps,* 15 Abb. N. C. 123.    See note collecting cases in 2 Williams, Executors, pp. 822 to 828.

I am authorized to say that Mr. Justice VINJE concurs in the foregoing dissent.