MARY A. D. BRYSON *vs.* SILAS P. HOLBROOK, executor.

Suffolk.    May 31, 1893. — June 8, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Lapsed Legacy* — " *Heirs and Assigns* " *as Words of Limitation.*

Where a legacy is given to one not a relative, and his "heirs and assigns," the words " heirs and assigns " are to be construed as words of limitation, and will not carry the gift to the heirs of a legatee dying in the lifetime of the testator. .

CONTRACT, against the executor of the will of William R. Holbrook, to recover the value of a legacy. The writ was dated November 14, 1892. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on agreed facts, which, so far as material to the point decided, appear in the opinion.

*F. Brewster*, for the plaintiff.

*A. P. Loring*, for the defendant.

FIELD, C. J.   This is an action for a legacy by one of the children of Mrs. William M. Walker. Mrs. Walker is one of the legatees named in the will of William Reed Holbrook. She died on March 31, 1881, leaving the plaintiff as one of her heirs. William Reed Holbrook died on February 12, 1886. Mrs. Walker was not a relative of Mr. Holbrook. The legacy to Mrs. Walker is in these words: " I give and bequeath to Mrs. William M. Walker, widow of the late William M. Walker of Cincinnati, the sum of one thousand dollars unto her and heirs and assigns. . . . Mr. Ambrose M. Bryson of Cincinnati can be informed of this bequest to Mrs. Walker of Cincinnati." The contention of the counsel of the plaintiff is, that this clause should be construed as a gift to Mrs. Walker if she should be alive at the time of the testator's death, but if she should not be alive at that time, then as a gift to her heirs. But we see nothing in the will whereby the words " heirs and assigns " can be construed otherwise than as words of limitation. We are unable to distinguish this case from *Wood* v. *Seaver*, 158 Mass. 411.

*Judgment affirmed.*