ALBERT TORREY, Administrator, Appellant,

vs.

CLARENCE W. PEABODY, Executor.

Cumberland.    Opinion December 10, 1902.

*Will. Partial Intestacy. Remainder. Widow.*

The only bequest or devise in a will was as follows:—

"I give the use and income of all the estate of which I shall die possessed, both real and personal, and wherever situated, to my wife, Harriet F. Torrey, during her life; and if in her own judgment the income thereof shall not be sufficient for her comfortable support, I hereby authorize and empower her, without application to the probate court for said county, to sell so much of said estate, either real or personal, as she may deem necessary therefor." *Held;* that the remainder of the estate, subject to the life estate, was intestate property, and being such was to be distributed under the statute of distribution, the widow taking one half absolutely.

In construing a will, the intention of the testator is the test of interpretation, but that intent is to be sought in the will as expressed, and the intention is to govern only so far as it has been expressed. Silence cannot be allowed to take the place of expression, so as to create a bequest, when the will itself is silent.

Exceptions by appellant.    Overruled.

The appellant is the administrator, de bonis non with the will annexed, of the estate of David Torrey, deceased, and in that capacity he took an appeal from a decree in the Probate Court, which with the other facts of the case, appears in the opinion.

*L. B. Dennett,* for appellant.

*Clarence W. Peabody,* for appellee.

SITTING: WISWELL, C. J., STROUT, SAVAGE, POWERS, SPEAR, JJ.

SAVAGE, J.    David Torrey died testate, leaving a widow, but no issue. His will consisted of two paragraphs. The first one was as follows: "I give the use and income of all the estate of which I shall

die possessed, both real and personal, and wherever situated, to my wife, Harriet F. Torrey, during her life; and if in her own judgment, the income thereof shall not be sufficient for her comfortable support, I hereby authorize and empower her, without application to the Probate Court for said county, to sell so much of said estate, either real or personal, as she may deem necessary therefor."

By the second paragraph he appointed his wife executrix of the will. He made no other disposition of his estate.

Mrs. Torrey in her life-time settled no account as executrix, but after her death, her administrator presented an account of her doings as such, which was allowed by the judge of probate. The appellant appealed, and in his reasons of appeal he objected specifically to the allowance of the following item in the account:— "Turned over to Harriet F. Torrey in her own right, to-wit, life interest under terms of will and remainder as widow, under statute of distribution of intestate estates, one half residue of personal estate, $1811.35." In the Supreme Court of Probate the decree of the judge of probate was affirmed. The presiding justice ruled "that notwithstanding said will the personal estate remaining after the termination of the life estate was intestate property not controlled by said will; that the acceptance by said Harriet F. Torrey of the provisions of said will did not affect her right to said remainder as intestate estate;" and that the allowance of the item referred to above, and the allowance "of all other items of the account based upon a partial intestacy of said estate were correct." The appellant excepted to these rulings. The question, in short, is this. If a man die without issue, leaving his widow, by will, the use and income of all his personal estate for life, and make no disposition whatever of the residue or remainder of the personal estate, will she be limited to the life estate specifically created by the will, or will she be entitled, in addition, to one-half of his distributive personal estate under the statute of distribution? The ruling complained of assumed the latter proposition to be the correct one.

To change the form of the question, it is whether the residue or remainder of the personal estate, subject to the life estate, is to be regarded as intestate estate or testate. It must be the one or the

other. If it is intestate, then it is to be distributed under the statute of distribution, the widow taking one-half absolutely. For the will in no way affects distribution of the intestate estate. It is to be distributed as if there were no will. Now can this remainder be regarded as testate estate? If so, the will has made it so, and the legatees will take because of the will, and not as statutory distributees. What disposition has the will made of it? To whom and in what proportions has it been bequeathed? The will is silent in its terms. It names neither legacies nor legatees. But the appellant contends that from the very fact that the testator gave a life estate in all his personal estate to his widow, one of the distributees of his estate, a reasonable implication arises that he intended her to have no larger estate in any of it, and that, inasmuch as he made no further disposition of it, he intended the remainder of the personal estate to go to his heirs, the other distributees. We do not think so. We think no such implication arises.

In construing a will, it is true that the intent of the testator is the pole star of interpretation. But that intent is to be sought in the will as expressed, and the intention is to govern only so far as it has been expressed. *Nash* v. *Simpson,* 78 Maine, 142. The court cannot let silence take the place of expression. The question always is what did the testator intend by what he said, not by that which he did not say. We cannot create bequests and legatees where the testator has made none. If the expression of the testator is of doubtful meaning, if it is crude and even imperfect, interpretation may aid in ascertaining the intent, and for that purpose will roam over the entire instrument, and collate and compare all the expressions within its four corners. It may even alter a word. But, as was said in *Robinson* v. *Adams,* 4 Dall. XVII, such alteration of words may be made not "to discover the intention of testators, but only to express it properly when discovered."

It might be supposed that the omission of a residuary bequest was inadvertent. If so, we cannot remedy it. Or it might be supposed that the testator, having made it certain that his entire estate would be available for the support and comfort of his wife at her discretion during her lifetime, was content to let the law do what it would

with the remainder. This seems as reasonable as to suppose that he intended persons not named nor referred to, to be his legatees by implication.

The same question arose in *Nickerson* v. *Bowly*, 8 Met. 424, and it was claimed there that, in the absence of all expression of the testator's intentions, the will should be construed as creating a gift to his heirs by implication.

Answering this proposition, Chief Justice Shaw said: "A gift by implication must be founded upon some expressions in the will, from which such intention can be inferred. It cannot be inferred from an absolute silence on the subject. It may be admitted in a popular sense, that when a deceased person has given a part of his property to one object of his bounty, he had no intention that such person should take another portion. But we think the true answer is, that the intention of the testator is to govern, so far only as he has communicated that intention, by his will, either in terms, or by implication; but if he has left undevised property, the disposition of it is not governed by his will, but by another rule, having its origin in another source, in the application of which the intent of the testator is not the governing rule, and can have no influence. It operates in the same manner, as if the deceased had left no other property and made no will. If, therefore, the intent of the testator, not to give the remainder to the same person, could reasonably be inferred from a gift of personal property to one for life, in terms, it could have no effect in regulating the disposition of intestate property." This case has been followed in Massachusetts by later ones to the same effect. *Dole* v. *Johnson*, 3 Allen, 364; *Johnson* v. *Goss*, 132 Mass. 274.

We think the rulings of the presiding justice below were correct.

*Exceptions overruled.*