In Equity.

MARY C. FARNSWORTH et als.,

*vs.*

GEORGE F. WHITING et als.

Knox.     Opinion December 18, 1906.

</div>

*Wills. Construction. Lapsed Legacy. Words and Phrases. R. S., chapter 76, section 10.*

It is the general rule that a legacy or devise will lapse when the legatee or devisee dies before the testator. A testator however may by express provisions in his will, or by language from which a clear implication may be drawn that such was his intention prevent a lapse of the devise in case of the death of the legatee or devisee before the testator.

But it is also well settled that the use of mere words of limitation will not prevent the lapsing of a devise, and that the phrases, in different forms frequently and commonly used in a devise such as "and his heirs," or "and his heirs or assigns" are words of limitation merely, descriptive of the nature of the estate devised, and do not create a substituted devise.

In the case at bar, the first and second clauses of the will of the deceased testator read as follows :

"First. I give, devise and bequeath unto my wife Helen A. Farnsworth and her heirs, one half of all my estate, both real and personal, in whatever it may consist or wherever situated at the time of my decease."

"Second. I give, devise and bequeath unto my wife, Helen A. Farnsworth the remaining one half of all my said estate, both real and personal, to be by her used and disposed of during her natural life, precisely the same as I myself might do were I living ; and giving my said wife full power to sell, exchange, invest and reinvest the same, in the same manner I might do if living, but if any of the said remaining one half of my said estate shall remain undisposed of, by my said wife at the time of her decease, and my mother, Mary C. Farnsworth, shall then be living, then I give, devise and bequeath all such residue and remainder of said remaining one half of my estate unto my mother, Mary C. Farnsworth, but in the event that my wife shall survive my mother then, on the decease of my mother I give, devise and bequeath all said residue and remainder of said one half of my estate unto my wife Helen A. Farnsworth and her heirs, it being my intention herein, that on the decease of my mother, all of my estate, real and personal shall become the property of my wife, she to have full power to dispose of the same, by will or otherwise, as she may think proper." The testator died on May 9, 1905, his wife, Helen A. Farnsworth one of the beneficiaries named in his will, died May 5, 1905, four days prior to the death of the testator. The testator and his wife left no issue. Mary C. Farnsworth, the mother of the testator, to whom, by the will, a remainder in a portion of the estate was given in case she survived the wife, is still living.

*Held :* (1) that the devise of one-half of the testator's estate under the first clause of the will, lapsed by the death of the devisee prior to that of the testator, that there was no devisee by substitution, and no other testamentary disposition of this one-half of the testator's estate upon the decease of the testator, therefore, this one-half of his estate descended as intestate property according to the statutes of descent and distribution . (2) that to the other half of the testator's estate, mentioned in the second clause of the will the death of the life tenant merely accelerated the taking of the remainder by the mother. Upon the death of the testator his mother took under the will this one-half of the estate in fee simple.

The common law rule that a devise to a devisee who dies prior to the death of the testator, will lapse, has been modified under certain conditions in this state by R. S., chapter 76, section 10, wherein it is provided : " When a relative of the testator, having a devise of real or personal estate, dies

before the testator, leaving lineal descendants, they take such estate as would have been taken by such deceased relative if he had survived." But this statutory provision in no way changes the rule in the case at bar for two reasons, viz : The deceased devisee, the wife of the testator, was not a relative of the testator within the meaning of the statute, and she did not leave any lineal descendants.

See *Farnsworth, Appellant,* v. *Whiting,* post.

In equity.  On report.  Decree according to opinion.

Bill in equity asking for the construction of the will of James R. Farnsworth, late of Rockland, deceased.  Heard on bill, answer and evidence at the April term, 1906, of the Supreme Judicial Court, Knox County.  At the conclusion of the evidence the cause was reported to the Law Court, and "upon so much of the evidence as is legally admissible" that Court "to enter such judgment as the legal rights of the parties require."  (See *Mary C. Farnsworth et als., Appellants,* v. *George F. Whiting et al.,* next following this case.)

All the material facts appear in the opinion.

*Orville Dewey Baker,* for plaintiffs.

*D. N. Mortland and Rodney I. Thompson,* for defendants.

SITTING : WISWELL, C. J., EMERY, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

WISWELL, C. J.  Bill in equity asking for the construction of the will of James R. Farnsworth, late of Rockland, deceased.

The two clauses of the bill to be construed, are as follows : "First.  I give, devise and bequeath unto my wife, Helen A. Farnsworth and her heirs, one half of all my estate, both real and personal, in whatever it may consist or wherever situated at the time of my decease."

"Second.  I give, devise and bequeath unto my wife, Helen A. Farnsworth the remaining one-half of all my said estate, both real and personal, to be by her used and disposed of during her natural life, precisely the same as I myself might do were I living ; and giving my said wife full power to sell, exchange, invest and re-invest the same, in the same manner I might do if living, but if any of the said remaining one-half of my said estate shall remain undisposed of, by my said wife at the time of her decease, and my mother, Mary C.

Farnsworth, shall then be living, then I give, devise and bequeath all such residue and remainder of said remaining one-half of my estate unto my mother, Mary C. Farnsworth, but in the event that my wife shall survive my mother then, on the decease of my mother, I give, devise and bequeath all such residue and remainder of said one-half of my estate, unto my wife Helen A. Farnsworth and her heirs, it being my intention herein that on the decease of my mother, all my estate, real and personal shall become the property of my wife, she to have full power to dispose of the same, by will or otherwise, as she may think proper."

James R. Farnsworth died on May 9, 1905, his wife, Helen A. Farnsworth, one of the beneficiaries named in his will, died May 5, 1905, four days prior to the death of the testator. The testator and his wife left no issue. Mary C. Farnsworth, the mother of the testator, to whom, by the will, a remainder in a portion of the estate was given in case she survived the wife, is still living. The parties to the bill are Mary C. Farnsworth, mother of the testator, Lucy C. Farnsworth and Josephine Farnsworth Rollins, both sisters of the testator, complainants, and George F. Whiting and Isabella F. Martin, the brother and sister and only next of kin of Helen A. Farnsworth, defendants.

If the testator's wife had survived him, the construction of these two clauses of the will would have been very simple. Under the first clause she would have taken an estate in fee simple in one-half of all the testator's property at the time of his decease. Under the second clause she would have taken an estate for life, with full power of disposal, in the remaining one-half of her husband's property, with a remainder to the testator's mother in fee simple, if the latter survived the wife, of all that remained of this half undisposed of at the time of the wife's decease, and in the event of the death of the mother, leaving the wife surviving, the latter would have then taken an estate in fee in this remaining one-half of the testator's property.

How were these results affected by the fact that the death of the wife occurred before that of the testator? The contention of the defendants, the heirs of Mrs. Farnsworth, is that they, as her heirs,

took the first one-half of the property devised, as substituted devisees, in her place; that the devise in the first clause was equivalent to a devise to her, if living at the time of the testator's death, if not, to them described as her heirs; that by the use of the words in the devise to the wife, "and her heirs," the testator evinced an intention, by implication, at least, that the devise should not lapse, upon her death prior to his, but that they should take under the will as substituted devisees.

The general rule is that a legacy or devise will lapse when the legatee or devisee dies before the testator. A testator may by express provisions in his will, or by language from which a clear implication may be drawn that such was his intention prevent a lapse of the devise in case of the death of the legatee or devisee before the testator. · But it is equally well settled that the use of mere words of limitation will not prevent the lapsing of the devise, and that the phrases, in different forms frequently and commonly used in a devise, such as "and his heirs," or "and his heirs or assigns" are words of limitation merely descriptive of the nature of the estate devised, and do not create a substituted devise. Numerous cases from many jurisdictions in support of these general rules may be found in 18 A. & E. Encycl. of L., 2d Ed., 749 et seq.

This rule of interpretation has been adopted in very clear and emphatic language in this State in *Keniston* v. *Adams*, 80 Maine, 290, followed by *Morse* v. *Hayden*, 82 Maine, 227, and *Stetson* v. . *Eastman*, 84 Maine, 367. A ˙leading case in Massachusetts upon the subject is that of *Kimball* v. *Story*, 108 Mass. 384, wherein it is said: "The general rule, prevailing in equity as at law, that if a legatee dies after the making of the will and before the death of the testator, the legacy lapses, is not affected by the insertion, after the name of the legatee, of the words ' his heirs, executors, administrators and assigns,' unless a declaration that the legacy shall not lapse is superadded; for those words, according to their uniform and well established interpretation, only express the intention of the testator to pass the absolute property in the estate real or personal to the legatee." This case has been followed in three recent Massachusetts cases, *Wood* v. *Seaver*, 158 Mass. 411; *Bryson* v. *Holbrook*, 159

Mass. 280, and *Horton* v. *Earle*, 162 Mass. 448. In all of which cases it was held by the court that similar expressions were only words of limitation, descriptive of the estate devised; that the death of the devisee or legatee having occurred prior to that of the testator, the legacy lapsed, and that the words did not show an intention upon the part of the testator to create a devisee by substitution.

It is true that courts have not infrequently held that the addition of the words " or heirs," instead of, as in this case, " and heirs " implies a substitution so as to prevent a lapse of the devise upon the death of the devisee. As said by this court in *Keniston* v. *Adams*, supra : " Although a very refined interpretation, it has been resorted to in instances where justice can be best administered only by its application." It is also true, as remarked in that case : " But courts have in some instances gone so far as to bring under the same rule devises running to a person named ' and ' his heirs, by making the word 'and' read as if it were the word ' or,' but this has never been done unless the other provisions in the will require such a construction, and we can find no case where it has been permitted, if the devise runs to assigns as well as to heirs." As expressed in the case of Gilmore's estate, 154 Penn. St. 523, "Courts will transpose the clauses of a will, and construe ' or ' to be 'and' and ' and ' to be ' or ' only when absolutely necessary to do so in order to support the evident meaning of the testator."

There is nothing in this will which would require or permit the substitution of the word ' or ' for that used, and there can nowhere be found in the will the slightest intimation of any intention upon the part of the testator to make the heirs of his wife his beneficiaries in case her death should occur before his. It is argued upon the part of the wife's heirs that such an intention may be discovered from the fact that the testator divided his estate into two halves, making a different disposition of each, but his purpose in doing this seems to us perfectly apparent. He desired that his wife should have one-half of the estate absolutely. As to the other half he desired to make a provision for the benefit of his mother in the contingency that she should outlive his wife, but that, if the wife outlived the mother, then his purpose was that the wife should have the whole of his

estate absolutely and in fee simple. And this obvious purpose was carried into effect by appropriate language.

This common law rule that a devise to a devisee who dies prior to the death of the testator, will lapse, has been modified under certain conditions in this State by R. S., c. 76, sec. 10, wherein it is provided : " When a relative of the testator, having a devise of real or personal estate, dies before the testator, leaving lineal descendants, they take such estate as would have been taken by such deceased relative if he had survived." But this statutory provision in no way changes the rule in this case for two reasons. The deceased devisee, the wife of the testator, was not a relative of the testator within the meaning of the statute. *Keniston* v. *Adams,* supra. And she did not leave any lineal descendants. *Morse* v. *Hayden,* supra.

The parol testimony offered in this case is utterly useless as affording any assistance in the construction of the will, much of it was inadmissible and the rest of it of no value. In the construction of a will parol testimony is frequently of some assistance for the purpose of identifying the beneficiary, or the subject matter of the devise, or explaining the situation and circumstances surrounding the testator at the time of making the will to be construed, or for the purpose of throwing some light upon the sense in which words of doubtful and ambiguous meaning were used. But, the testator's "declarations of intention, whether made before or after the making of the will, are alike inadmissible." I Greenl. on Evidence, sec. 290.

As to the first clause, then, the devise lapsed by the death of the devisee prior to that of the testator, there was no devisee by substitution, and no other testamentary disposition of this one-half of the testator's estate. Upon his death, that one-half of his property, therefore, descended as intestate property according to the statutes of descent and distribution. As to the other half of his estate, mentioned in the second clause of the will, the death of the life tenant merely accelerated the taking of the remainder by the mother. Upon the death of the testator his mother took this one-half of the estate in fee simple, under the will.

A decree may be made in accordance with the opinion and at that·

time an order may be made for the allowance of reasonable counsel fees for both sides, to be paid out of the estate.

So ordered.