LOTTA B. CARVER et als., In Equity *vs.* CHARLES H. WRIGHT et al.

Waldo.   Opinion May 10, 1920.

*Construction of a will.   Life estate.   Vested estate in remainder.   A devise over in*
*fee to a definite class of persons.   Those who constitute the class at the death*
*of testator take, in absence of a different intention.*

A testator devised "unto my son, A., all my real estate and personal property (of whatever description and wherever found), during his natural life, and at his death said property to be equally divided between my children." Four children, including the life tenant, survived the testator; one daughter died before the decease of the testator, leaving three children.

It is held, that the four children living at the death of the testator took vested interests in his estate, subject to the life estate of the son.

There is no legal inconsistency in a life tenant holding a vested interest in a remainder to take effect at his death.

Nor does the fact that the life tenant will share in the remainder show that the testator intended that the remainder men should be ascertained at the termination of the life tenancy rather than at the death of the testator.

The ruling of the sitting Justice, as to the vesting of the estate in remainder, was correct; the decree below did not, however, follow the ruling but adjudged, that the life tenant took only an estate for life under the will, and that the remainder vested in the other children of the testator who were living at his decease.

The decree below must be modified accordingly.

On appeal.   A bill in equity seeking the construction of the will of William C. Wright.   The cause was heard upon bill and answer, the only testimony being the affidavit of Walter E. Crockett, which was offered by the defendant and admitted, all formalities being waived. The presiding Justice ordered, adjudged and decreed, that the bill be sustained and that the true construction of the will was, that Charles H. Wright took a life estate only, under said will, in the real estate described in the bill and that the title to said real estate, subject to the life estate of said Charles H. Wright, became vested in the other children of said William C. Wright who were living at the time of the decease of said William C. Wright.

From this decree the surviving defendant, Hannah Frances Crockett, took an appeal.    Appeal sustained.    Decree in accordance with the opinion.

Case stated in the opinion.

*Dunton & Morse*, for plaintiffs.

*J. H. Montgomery*, for defendants.

SITTING: SPEAR, HANSON, MORRILL, WILSON, DEASY, JJ.

MORRILL, J.    William C. Wright, late of Northport, died on the twenty fourth day of March, 1893, leaving a will the material portion of which, for the purposes of this case, is as follows: "I give and bequeath unto my son, Charles H. Wright, all my real estate and personal property (of whatever description or wherever found), during his natural life, and at his death said property to be equally divided between my children."

There were born to the testator five children, namely, Charles H. Wright, Hannah F. Crockett, Niobe A. Orcutt, George W. Wright and Drusilla S. Wade.

Drusilla died before the decease of the testator, leaving three children who are plaintiffs in this bill, and who are by name as follows; William A. Wade, Bertha C. Hemlon and Helen J. Fisher.

Niobe died after the decease of the testator, leaving one child, Lotta B. Carver, who is also a plaintiff in this bill.

George died after the decease of the testator, leaving no child and as his only heirs at law and next of kin the aforesaid brother Charles, his sister Hannah, and the living children of Drusilla and the living child of Niobe.

The plaintiffs ask the court to determine (1) whether the children of Drusilla S. Wade take the share of the testator's estate which they would have taken, if no will had been made; and (2) to determine and decree that the title to said real estate, subject to the life estate of said Charles H. Wright, or such part thereof as is subject to his life estate, became vested in the children of said William C. Wright, who were living at the time of his decease, and that said children and their heirs may convey said real estate, subject to the life estate of said Charles H. Wright, before his decease.

The sitting Justice ruled (1) that the remainder over, subject to the life estate of Charles, was a bequest and devise to a class; that a

bequest or devise to the children of the testator means prima facie to those of that class in existence at the death of the testator, provided there be any at all to answer that description; (2) that a devise or bequest to children gives a vested interest, unless a contrary intent is shown by the will; (3) that the real property at the death of the testator became vested in those of his children, who were living at his decease, subject to the life estate of Charles; and (4) that the vested interest of the children of the testator who died subsequent to the death of the testator descends under the rule of R. S., Chap. 80, Sec. 1, Paragraph IV.

Charles H. Wright died unmarried, after the hearing; the sitting Justice entered a decree on the eighth day of October, 1919, as of the date of hearing August 23, 1919, "that the true construction of the will of William C. Wright is, that Charles H. Wright takes a life estate only, under said will, in the real estate described in said bill and that the title to said real estate, subject to the life estate of said Charles H. Wright, became vested in the *other* children of said William C. Wright who were living at the time of the decease of said William C. Wright, namely: Hannah F. Crockett, Niobe A. Orcutt and George W. Wright." From this decree, Hannah F. Crockett, the only child of the testator who survived the life tenant, appeals.

As to the first inquiry submitted, the burden to show that the omission of the children of Drusilla S. Wade was intentional, is upon those who oppose this claim. *Ramsdill* v. *Wentworth*, 106 Mass., 320. Upon this issue the defendant introduced the testimony of Walter E. Crockett, the Executor of the will, from which, as well as from the will itself, we are satisfied that such omission was intentional, and that the plaintiffs, William A. Wade, Bertha C. Hemlon and Helen J. Fisher, do not take the share of the testator's estate which they would have taken if no will had been made.

The principal contention of the plaintiffs involves the decision of the single question whether the children of the testator among whom his property is to be equally divided at the death of his son, Charles, are to be ascertained at the death of the testator or at the death of the life tenant. It is clear that if the estate in remainder vested at the death of the testator, the distribution only being postponed, that estate was held, subject to the life estate of Charles, in four shares, one for each of the then living children of the testator including the life tenant, Charles H. Wright; there are no words of exclusion

applicable to him; the estate is not to be 'divided among "my children" other than the said Charles.  There is no legal inconsistency in the life tenant taking also a share in the remainder, if vested at the testator's death.  *Cushman* v. *Arnold*, 185 Mass., 165.  In this particular the decree does not follow the third ruling of the sitting Justice.

On the other hand, if the participants are to be determined at the death of the life tenant, the appellant is entitled to the whole estate.

The plaintiffs urge that the estate in remainder vested at the death of the testator; they rely upon well settled principles of law in the interpretation of wills; that no remainder will be held contingent, when it can be held vested consistent with the intention of the testator; *Woodman* v. *Woodman*, 89 Maine, 128; *Danforth* v. *Reed*, 109 Maine, 93; that so strong is the presumption that testators intend the vesting of estates that it is an elementary rule of construction that estates, legal or equitable, given by will, should always be regarded as vesting, unless the testator has by very clear words manifested an intention that they should be contingent upon a future event, and so clear must be his expression, that in cases of doubt or ambiguity as to the time when it was intended the estate should vest, the remainder will be regarded as vested rather than contingent; *Blaine* v. *Dow*, 111 Maine, 480, 485; that a devise or bequest to children by name gives a vested interest unless a contrary intent is shown by the will; *Morse* v. *Ballou*, 109 Maine, 264; *Bryant* v. *Plummer*, 111 Maine, 511; and so where the children are not named; *Gibbens* v. *Gibbens*, 140 Mass., 102; that where the limitations are to the direct descendants of the testator, it is a circumstance which warrants the inference that vested, rather than contingent remainders were intended to be created.  *Gray* v. *Whittemore*, 192 Mass., 367, 378.

Rules for the construction of wills are to be observed as aids in determining the intention of the testator; they are not aimed to defeat intention.  It has frequently been said that the first great rule in the exposition of wills, to which all other rules must bend, is that the intention of the testator, expressed in his will, shall prevail, provided that it is consistent with the rules of law.  "It is not that there are no longer any rules of construction to be observed; it is rather that these rules are to be followed so far as they aid in determining the meaning of the testator, but when that meaning is ascertained it is to be adopted."  *Crapo* v. *Price*, 190 Mass., 317, 320.

The will in this case is brief; but we think it indicates quite clearly the testator's intention. First, there are absolutely no words of survivorship attached to the gift to the testator's children; "children then living," "or the survivors of them," or "children surviving him," and other similar phrases are wanting. Nor is any word of futurity annexed to the gift; it cannot be said that there are no words importing a gift other than a direction to divide at a future time, and that therefore the gift implied from the direction to divide speaks as of the time of the division, and not as of the day of the testator's death. The words of gift apply to the remainder as well as to the life estate. *Blaine* v. *Dow,* 111 Maine, 480, 484. The idea is more clearly expressed by repeating the words "I give" after the word "death":—"and at his death I give said property to be equally divided between my children." The ruling was correct; the children living at the death of the testator took vested interests in the estate, subject to the life estate of Charles. *Gibbens* v. *Gibbens,* 140 Mass., 102; *Dole* v. *Keyes,* 143 Mass., 237; *Dodd* v. *Winship,* 144 Mass., 464. It is the case of a gift of a life estate to a son of the testator, with a devise over in fee to a definite class of persons; those who constitute the class at the death of the testator take, unless the will shows a different intention. *Fairbanks' Appeal,* 104 Maine, 333; *Peck* v. *Carlton,* 154 Mass., 231, 233. Nor does the fact that, by this construction, the life tenant will share in the remainder indicate an intention that the remaindermen should be ascertained at the termination of the life tenancy rather than at the death of the testator. *Cushman* v. *Arnold,* supra; *Smith* v. *Smith,* 186 Mass., 138; *Gray* v. *Whittemore,* 192 Mass., 367, 381. So held in the case of a bequest or devise of a remainder, after a life estate, to the heirs at law of the testator. *Abbott* v. *Bradstreet,* 3 Allen, 587; *Minot* v. *Tappen,* 122 Mass., 535, 537; *Gardner* v. *Skinner,* 195 Mass., 164, 166.

It is therefore the opinion of the court that at the death of the testator his four children then living took vested remainders in his estate, and that the decree below must be modified accordingly.

*Appeal sustained.*
*Decree in accordance with*
*this opinion.*