CHARLES L. JONES, Ex.    In Equity

*vs.*

FRED L. WARREN, Admr.

Penobscot.    Opinion March 4, 1925.

</div>

*The language "to have and to hold the same to her, her heirs and assigns forever" in a will where the legatee, a wife, predeceased the testator, does not prevent a lapse of the legacy, unless other provisions in the will require that the words "to her, her heirs and assigns forever" shall be construed as meaning "to her or her heirs or assigns forever," as such language are words of limitation being descriptive merely of the nature of the estate.*

In the instant case after the lapsing of the legacy the estate of the testator vested in his heirs, not by virtue of the will, but under laws of inheritance as to undevised property, for the testator did not disinherit his heirs, because his will does not in unmistakable terms or by necessary implication vest the residue in another.

On appeal.   A bill in equity seeking the construction and interpretation of the will of George W. Carpenter which provided that all of his property and estate after the payment of debts, funeral expenses, expenses of administration, and for a monument, should go to his wife, Evelyn M. Carpenter.   Several years before the death of testator his wife, the sole devisee and legatee, died.   The question involved was as to whether the legacy, by reason of the death of the legatee before that of the testator, lapsed and the estate should go to the heirs of the testator as undevised property, or whether the estate should go to the heirs of the deceased legatee.   The sitting Justice found that the bequest of personal property did not lapse, but passed to the heirs of the deceased legatee, the wife, as substi-

tuted legatees, and the heirs of the testator appealed. Appeal sustained. Decree of sitting Justice reversed, in so far as it holds that the legacy in question did not lapse.

The opinion states the case.

*W. H. Mitchell,* for complainant.

*Robert F. Dunton and Andrews, Nelson & Gardiner,* for Ruth W. Wright et al., intervening defendants and heirs at law of George W. Carpenter.

*Gillin & Gillin,* for Fred L. Warren, Admr. and Grace Gertrude Ayers et al., heirs of Evelyn M. Carpenter, and intervening defendants.

SITTING: CORNISH, C. J., PHILBROOK, MORRILL, WILSON, STURGIS, BARNES, JJ.

BARNES, J. A bill in equity to construe the will of George W. Carpenter, heard before a single Justice, who held that the property passed to the heirs of the wife of the testator, as substituted legatees, and before this court on appeal by the heirs of the testator.

In 1904, George W. Carpenter, a resident of Jackson, in the county of Waldo, in this state, executed a will, which upon his decease proved to be his last. The paragraphs of the will to be interpreted are worded as follows:

"THIRD. I give and bequeath to my beloved wife, Evelyn M. Carpenter, all of my personal property of every name and nature.

"FOURTH. I give and devise to my said beloved wife, Evelyn M. Carpenter, all my real property and estate, wherever situated and however and whenever found; to have and to hold the same to her, her heirs and assigns forever, with all the appurtenances, thereunto belonging.

"FIFTH. And my will is to exclude all of my heirs, kindred and relatives, and all other persons whomsoever, excepting my beloved wife, aforesaid, from taking under this my last will and testament.

"SIXTH. I give bequeath and devise to my beloved wife, Evelyn M. Carpenter, her heirs and assigns forever, all the rest, residue and remainder of my estate, real, personal and mixed, wherever and however and whenever acquired; to have and to hold the same to her, her heirs and assigns forever, with all the appurtenances thereunto belonging."

Evelyn M. Carpenter died February 29, 1916, without lineal descendants, and the testator, on November 18, 1922, more than six years subsequent to the decease of his wife, and the will, precisely as drawn eighteen years before, was duly presented for probate by the executor named therein. ·

By subsequent proceedings all persons who, in any event, can be said to have an interest, whether as legatees or under our statutes of descent and distribution, have been made parties to this cause. At the decease of the testator, it was found that his entire estate was personal property.

Hearing was had, upon bill, answers and proof, and after argument of counsel, representing all parties, it was decreed by the sitting Justice, that the bill be sustained; that the bequest of personal property did not lapse, but passed to Evelyn M. Carpenter's heirs at law as substituted legatees; and from this decree the intervening defendants and heirs at law of the testator appeal, urging that the bequest lapsed, and claiming, that the property left by the testator be distributed by the executor among the heirs at law of the said · testator.

None of the questions at issue are novel, and all have been decided in well-considered opinions of this court.

No statute of this State, applicable to the facts in this case, having changed the rule at common law, always heretofore adhered to in Maine, the legacy expressed in the third paragraph of the will lapses. *Stetson* v. *Eastman*, 84 Maine, 366; *Farnsworth* v. *Whiting*, 102 Maine 296; *Adams* v. *Legroo*, 111 Maine, 302.

But to obviate the result inevitable under the foregoing rule, it is claimed that the testator disinherited his own heirs, by expressions contained in the fifth and sixth paragraphs, the fourth paragraph having become of no effect, because he had reduced all his holdings of property to personalty. It is true the testator used words not commonly found in wills, notably the expression, "to have and to hold the same to her, her heirs and assigns forever."

To sustain the contention of the proponents the court must hold the sixth paragraph a bequest to Evelyn M. Carpenter, and, in the event of her death, to her heirs.

Two canons of interpretation of wills, so firmly established as to have become fixed rules of law, overthrow this contention.

"To have and to hold to her, her heirs and assigns," do not express a bequest to the heirs of Mrs. Carpenter, unless the expressed words are distorted to mean, "to her *or* her heirs," etc.

The comma after the word "her," first used, is to supply the word "and"; the expression quoted above is but words of limitation and does not prevent the lapsing of the bequest, being merely descriptive of the nature of the estate, if in truth adding anything to the force and meaning of the preceding phrasing of the bequest. *Farnsworth* v. *Whiting,* 102 Maine, 296, and cases cited.

In his will, in addition to the legatee, the testator mentioned "assigns" as well as "heirs," and it is argued that the bequest is to the legatee *or* to her heirs, or assigns. Our court has considered this wording in former cases, and has held that, although courts have in some instances held that a devise to one "and" his heirs might be regarded as good to the heirs if the primary legatee dies in the lifetime of the testator, by making the word "and" read as if it were the word "or"; yet this has never been done unless the other provisions in the will require such a construction, and we can find no case where it has been permitted, if the devise runs to assigns as well as to heirs. *Keniston* v. *Adams,* 80 Maine, 290.

If the testator intended to disinherit his heirs, he failed, because his will does not in unmistakable terms or by necessary implication vest the residue in another.

It must be agreed that the natural inclination of an owner of property, as a rule, coincides with the settled law of our race, that it shall descend, unless otherwise willed, to his heirs.

For many years the testator lived with the provision in his will that, if he should predecease his wife, she should own what he left. She died before he did, and while he was in the possession of his faculties and, so far as we know, competent to change his will, had he so desired. As he left it, after the lapsing of the specific legacy his estate vests in his heirs. It could easily have been worded to a contrary intent. Such interpretation as sought by the proponents would be writing a will, not construing one presented for probate.

It may be further pertinent to suggest that by the fifth paragraph the testator expressed his will to exclude as legatees all his heirs, kindred, relatives and other persons, except his wife, and to point out that the heirs of the testator do not take by the will, but, because

the legacy lapsed under the well-established rules of law, they are taking under laws of inheritance as to undevised property.

Appeal sustained. Decree of sitting Justice in so far as it holds that the legacy in question did not lapse is reversed. The proceeds of the estate remaining in the hands of the executor must be distributed as intestate property among the legal heirs of the testator.

The costs of these proceedings, including a reasonable fee for appellant's attorneys may be included and allowed as a proper charge against the estate.

*Decree in accordance with the opinion.*