**Robert J. DOW, Jr., Admr., Estate of Harold F. Atwood**

v.

**May Wells ATWOOD et al.**

Supreme Judicial Court of Maine.

Dec. 24, 1969.

438

Neil L. Dow, Norway, for plaintiff.

Charlton S. Smith, Arthur A. Peabody, and John P. Erles, Thomas Schulten, Portland, Gordon M. Stewart, South Paris, for defendants.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WILLIAMSON, Chief Justice.

This action by the Administrator d. b. n. c. t. a. of the Estate of Harold F. Atwood for the construction of the will and instructions for the disposition of property is reported to us on an agreed statement of facts.

We are concerned with the wills, duly probated, of Harold F. Atwood and of his widow, Leonora. The wills read:

## Will of Harold:

"After the payment of my just debts, funeral charges and expenses of administration, I dispose of my estate, as follows:

First—

I, give, bequeath and devise all of my property, real, personal, and mixed, wherever found and however situated, to my wife, Leonora S. Atwood, to her so long as she lives, after which, it is my wish that she give, bequeath and devise the same to my brother, Alfred L. Atwood, to him and his heirs forever."

## Will of Leonora:

"I give, bequeath and devise to Alfred L. Atwood that property which came to me under the will of my late husband, Harold F. Atwood, it being my intention to hereby appoint said property to the said Alfred L. Atwood by the exercise of the special testamentary power of appointment given to me in said will, but in nowise to appoint or bequeath to the said Alfred L. Atwood any property other than that belonging to the estate of Harold F. Atwood in which I have heretofore had a life estate."

Harold at his death on October 5, 1945 was survived by his wife Leonora, and as his heirs at law his brother Alfred L. Atwood, his sister Elizabeth A. Record, and children of a deceased brother Roger. Leonora died on September 13, 1965.

Alfred died intestate on August 19, 1965 subsequent to the execution of Leonora's will. He was survived by his wife Mary, who, as administratrix of his estate is a party to this action, and by his only heirs at law, his daughters Mary A. Rideout and Priscilla A. Norton, who also are parties herein.

Elizabeth died intestate in 1959 and was survived by her husband Walter, and by her only heirs at law her sons, Horace A. and Ralph Record, and her daughter Helen E. Damon. The heirs at law are parties herein and Horace is also a party in his capacity as administrator of his mother's estate.

Merle A. Hedley and Rae A. Ryan, children of Roger, who predeceased his brother Harold, and also "persons unknown who may be children of said Roger Atwood under a different name" are named parties herein.

Thomas Schulten, Esq. was appointed "Guardian Ad Litem for the purposes of this proceeding for all persons unknown, unascertained, hereafter born, and any persons who may be minors at the time of this proceeding or who may have any interest in the subject matter of this action and who are not otherwise represented."

The controversy is between Harold's heirs and estate (Harold's group), Alfred's heirs and estate (Alfred's group), and the Guardian Ad Litem.

The objective of the case it to determine who may be entitled to the property remaining at Leonora's death. Different solutions are urged by Harold's group, Alfred's group, and the Guardian Ad Litem.

■ In construing the will, our task is to find the intent of the testator and to give effect thereto if possible. We must also bear in mind the presumption against intestacy. Green v. Allen, 132 Me. 256, 258, 170 A. 504; Wing, Adm'x C.T.A. v. Rogers et al., 149 Me. 340, 107 A.2d 708.

■ Harold, in his will, created a life estate in Leonora with a testamentary power in her to appoint the remainder to

his brother Alfred. The power of appointment under the will was a special and not a general power. Accordingly Leonora gained nothing under the will apart from her life interest and the limited right to appoint by will to Alfred. For the moment, we pass consideration of whether the words "it is my wish" were mandatory or precatory in meaning. 5 American Law of Property §§ 23.1, 23.12; 1 Bogert Trusts 2d ed. § 116; Restatement, Property § 320. See 1st Portland National Bank v. Rodrique et al., 157 Me. 277, 306, 172 A.2d 107, (special power), and Bar Harbor B & T Co. v. Preacher's Aid Soc. of Meth. C. (Me.) 244 A.2d 558, 562 (general powers).

■ Alfred's group contends that Alfred at Harold's death and under his will acquired a vested remainder. In short, they urge the will be construed to mean as if it read, "to Leonora for life and then to my brother, Alfred." They assert the testator did not intend to create, and did not create, a power of appointment at all but left his estate to his brother Alfred, after the life estate to his widow.

The position of the Alfred group in our view is not found within the plain meaning of the plainly expressed provisions of Harold's will. If the testator had not intended to create a power in his widow to appoint the remainder to Alfred by her will, he could have simply given the remainder to Alfred, as suggested.

The cases cited by the Alfred group in our view do not sustain their position that Alfred's interest vested at Harold's death. In Carver v. Wright, 119 Me. 185, 109 A. 896, the testator devised property to his son for life, and at his death "to be equally divided between my children." It was held that the four children living at the death of the testator held vested interests in the estate subject to the life estate. To the same effect is Leighton v. Leighton, 58 Me. 63. In Strout v. Strout, 117 Me. 357, 104 A. 577, the testatrix left property to Y in trust with the wish that it "be distributed

to the children of [X and Y] or their descendants at such times as she [Y] sees fit for their best benefit." The Court held that the three children living at the death of the testatrix shared equally. In Carver and Leighton there was no power of appointment whatever created by the will. The testator created the estate. In Strout a trustee was given power to determine the times of distribution. Only to this limited extent was discretion placed in the trustee.

■ The lack of a gift over on default of appointment does not require as a matter of interpretation that Harold intended Alfred to take on the failure of his widow to make the requested testamentary appointment. There is nothing in the will, as we read it, to prevent the disposition of the remainder by intestacy. Such a disposition would be neither absurd nor unusual. Harold may readily have intended that his brother Alfred have the property if his wife so willed, and if not, that it pass by intestacy. The record indicates no specific interest by Harold in any of his heirs other than in the power given to his widow.

We are faced then with the disposition of the remainder, not by way of a vested interest in Alfred at the death of Harold, but upon the failure of Leonora to make an effective appointment to the only person authorized by the donor of the power.

■ It is immaterial for the moment whether the words "if I wish" in the will are "softened words of command", to use the phrase of Bogert, supra, Sec. 48, or precatory in meaning. See Clifford v. Stewart, 95 Me. 38, 45, 49 A. 52; Jordan et al. v. Jordan et al., 155 Me. 5, 150 A.2d 763. In either case, at Leonora's death there was no eligible receiver. The law is well settled that an appointee under a power must be living at the effective date of the appointment. MacBryde v. Burnett, 45 F.Supp. 451 (D.C.Md.); 3 Restatement, Property § 349; 72 C.J.S. Powers § 43 b; Simes and Smith, Future Interests 2nd Ed.

§§ 917, 984; 5 American Law of Property §§ 23.7, 23.46.

■ The principle that on default of appointment under a special power the property should pass to the class of designated appointees is not applicable. The only possible appointee died before the effective date of the appointment. With the death of Alfred, the "class" ceased to exist. See 1st Portland National Bank v. Rodrique et al., 157 Me. 277, 306, 172 A.2d 107; I Scott on Trusts 3d Ed. §§ 27, 27.1; 80 A.L.R. 503 Annot.; 5 American Law of Property § 23.5.

■ The words in Harold's will "to him (Alfred) and his heirs forever," did not enlarge the class of eligible appointees. The words are words of limitation and not of purchase. There is nothing in the will to require any other construction. Jones v. Warren, 124 Me. 282, 285, 128 A. 1; Farnsworth v. Whiting, 102 Me. 296, 66 A. 831; Restatement, Property § 349, Illus. 1; Simes and Smith, supra, § 984.

■ The Alfred group gains nothing from the operation of the anti-lapse statute. 18 M.R.S.A. § 1008 reads:

"When a relative of the testator, having a devise of real or personal estate, dies before the testator, leaving lineal descendants, they take such estate as would have been taken by such deceased relative if he had survived."

As we have seen, the power to appoint to Alfred was special and not general. Thus the rule that a general power of appointment may be considered a property interest passing under an anti-lapse statute is not applicable. Thompson v. Pew, 214 Mass. 520, 102 N.E. 122; Daniel v. Brown, 156 Va. 563, 159 S.E. 209, 75 A.L.R. 1377 and annot.; 5 American Law of Property § 23.47; Restatement, Property § 350; Schwartz, Future Interests and Estate Planning § 13.14.

Under a testamentary special power the appointee takes from the donee and not from the donor of the power. "Lapse statutes are designed to effectuate the purpose of the testator [who, in these cases, is the donee of the power]." Simes and Smith, supra § 984.

■ Assuming without deciding that the anti-lapse statute could apply in the case under a special testamentary power, the statute does not benefit Alfred's heirs. Alfred was not a blood relative of Leonora and therefore the anti-lapse statute would not preserve for others a gift to him under her will.

■ We conclude that Alfred's group took nothing under Harold's will or from the testamentary power in Leonora to appoint the property. The group of course retains any interest it may have by intestacy.

There remains the question of who takes on Leonora's death the property passing by intestacy from Harold. Harold's group contends that the property passes by the laws of descent and distribution under the estate of Harold to his next of kin in equal degrees determined as of the date of Harold's death. Thus, Harold's group would eliminate Leonora and those taking under her from any interest in the property arising by statute.

■ In our view, Leonora did not lose her interest whatever it may have been in the personal property, if any, so passing by intestacy. Leonora accepted the specific provision in the will for her benefit, and, there appearing no plain intent otherwise, thereby waived any further interest in her husband's real estate. See statutes below. The election statute, however, does not apply to personal property. "No statute inhibits a widow from claiming her share in intestate personal estate, though she has accepted her husband's will." Davis v. McKown, 131 Me. 203, 210, 160 A. 458, 461.

There is nothing in the will to compel the conclusion that the husband intended to make any testamentary disposition of the

property at his widow's death, if she survived Alfred. For ought that appears, the testator was content in this event that the property should pass not under his will, but by intestacy. Bunker v. Bunker, 130 Me. 103, 154 A. 73; Torrey v. Peabody, 97 Me. 104, 53 A. 988. For the statutes in effect at the death of Harold on October 5, 1945 relating to rules of descent and waiver of will by the widow see R.S. 1944, c. 156, § 20 (distribution of personal estate); R.S. 1944, c. 156, § 1 (rules of descent); R.S. 1944, c. 156, § 13 (election to claim interest by descent); R.S. 1944, c. 156, § 14, as amended P.L. 1945, c. 76 (share on waiver). For the present statutes with important changes relating to the widow's interest see 18 M.R.S.A. §§ 851, 1001, 1056, and 1057.

We conclude, and we so instruct the Administrator d. b. n. c. t. a. of the estate of Harold F. Atwood, that the property in his hands which was in the possession of the said Leonora S. Atwood is to be distributed to those persons who succeeded to the intestate property of Harold F. Atwood by virtue of the laws of descent and distribution in force on the date of Harold F. Atwood's death if such persons are now living, or to their personal representatives if they are now deceased.

The case is remanded to the Court below for entry of a decree consistent herewith, with reasonable counsel fees and expenses approved by the Court to be paid by the Administrator d. b. n. c. t. a. and charged in his probate account.

So ordered.

TAPLEY, J., sat at argument but retired before the opinion was adopted.